UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROCKETT,<br><br>         Petitioner,<br><br>    v.<br><br>LEPE, *et. al*.,<br><br>         Respondents. | Case No.   1:20-cv-00945-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT PETITION BE DISMISSED FOR LACK OF JURISDICTION AND THAT MOTIONS FOR INJUNCTIVE RELIEF AND DISCOVERY BE DENIED<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>ECF No. 1<br><br>ORDER DENYING MOTION FOR DISCOVERY, DIRECTING CLERK OF COURT TO SEND PETITIONER A PRISONER CIVIL RIGHTS COMPLAINT FORM AND TO ASSIGN CASE TO A DISTRICT JUDGE<br><br>ECF No. 1 |

Petitioner James Rockett, a federal prisoner without counsel, petitions for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. This matter is before the court for preliminary review. Under Rule 4 of the Rules Governing Section 2254 Cases, we must examine the habeas corpus petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). At this early stage, Rule 4 gives "courts an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896

1

F.3d 958, 968 (9th Cir. 2018) (citation omitted).  We recommend that the petition be dismissed for lack of jurisdiction.  Petitioner might, however, be able to seek relief by filing a civil rights complaint under *Bivens*.

**I.     Discussion**

  **a.  Jurisdiction**

  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," whereas requests for relief turning on circumstances of confinement should be presented in a civil rights action.  *See Muhammad v. Close*, 540 U.S. 749, 750 (2004).  The appropriate avenue for a federal prisoner's claim that relates to the conditions of his confinement is a civil rights action under *Bivens v. Six Unknown Named Narcotics Agents*, 403 U.S. 388 (1971)).  *See Greenhill v. Lappin*, 376 F. App'x 757, 757-58 (9th Cir. 2010).  In this district, claims concerning various prison conditions brought under § 2241 have been found to lie beyond our court's subject matter jurisdiction and have been dismissed without prejudice to filing a *Bivens* civil rights action.  *See, e.g.*, *Burnette v. Smith*, No. CIV S-08-2178-DAD-P, 2009 U.S. Dist. LEXIS 20219 at *1 (E.D. Cal. Mar. 13, 2009) (petitioner's confinement in segregated unit for security purposes and prison's refusal to transfer petitioner should be raised as *Bivens* action, not as a § 2241 habeas action).

  Here, petitioner does not challenge the validity or duration of his confinement.  Rather, he challenges actions taken by the Bureau of Prisons ("BOP") in response to his alleged violation of prison rules.  *See generally* ECF No. 1.  Specifically, he challenges BOP's cell search procedures and his placement in and the conditions of the special housing unit where he was housed while awaiting a disciplinary hearing.  Because petitioner's claims turn on the conditions of his confinement, this court has no subject matter jurisdiction over the petition under § 2241.  Accordingly, we recommend that the petition be dismissed without prejudice.

  **b.  Conversion**

  We next consider whether to convert the petition into a *Bivens* complaint.  "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se

litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016). A *Bivens* action must allege illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right.[1] *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010); *Baiser v. Department of Justice, Office of U.S. Trustee*, 327 F.3d 903, 909 (9th Cir. 2003). A claim of a "merely negligent act by a federal official" does not "state a colorable claim under *Bivens*." *O'Neal v. Eu*, 866 F.2d 314, 314 (9th Cir. 1988). Moreover, a *Bivens* claim is only available against officers in their individual capacities. *Morgan v. U.S.*, 323 F.3d 776, 780 n.3 (9th Cir. 2003); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996). There is no *respondeat superior* liability—i.e., liability of a supervisor for the acts of a supervisee. *See Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). Each defendant is only liable for his or her own misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).

We decline to convert the petition into a *Bivens* complaint for two reasons. First, the complaint is not amenable to conversion on its face. Petitioner's allegations about the prison conditions are too conclusory to state a *Bivens* claim. And petitioner has named only the warden and the director of the Department of Justice as the respondents; petitioner has not named the people who directly committed the affirmative acts or omissions that violated his rights. Second, conversion may be unfair to petitioner. The filing fee for a habeas corpus petition is $5—and if leave to proceed *in forma pauperis* is granted, the fee is forgiven. For civil rights cases, however, the filing fee is $350 plus a $50 administrative fee. Under the Prisoner Litigation Reform Act, petitioner would be required to pay the $350 filing fee, even if granted *in forma pauperis* status, by way of deductions from his trust account. *See* 28 U.S.C. § 1915(b)(1). If we were to convert

---

[1] Although petitioner has the option of seeking damages via a *Bivens* claim, a *Bivens* claim is not necessarily viable. The U.S. Supreme Court "has approved of an implied damages remedy under the Constitution itself" under *Bivens* in only three contexts: (1) Fourth Amendment unreasonable search and seizure in *Bivens*, 403 U.S. at 396-97; (2) Fifth Amendment gender discrimination in *Davis v. Passman*, 442 U.S. 228, 248-49 (1979); and (3) Eighth Amendment deliberate indifference to serious medical needs in *Carlson v. Green*, 446 U.S. 14, 19 (1980). *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017).

this action to a civil rights complaint, petitioner would face the larger filing and administrative fees—and with this in mind he might prefer not to file.

While we decline to convert the petition, petitioner remains free to file a *Bivens* complaint. A complaint must contain a short and plain statement that the plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Iqbal*, 556 at 678. If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what the plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted). The complaint must state what actions each named defendant took that deprived the plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Because petitioner may wish to seek this form of relief, we will direct the clerk's office to send petitioner a blank prisoner civil rights complaint form.

### c. Motions for Injunctive Relief

Petitioner also seeks various forms of injunctive relief. Specifically, he moves for: (1) a restraining order against BOP to prevent sanctions from being levied against him during the pendency of this case; (2) a stay of any future sanctions that may be imposed by the prison in the event that petitioner's alleged disciplinary infraction is adjudicated before this court has reached a final disposition in this case; (3) a reversal or dismissal of any judgments made by the prison against petitioner; (3) immediate removal from the special housing unit and ultimate removal from his prison during the pendency of this case; and (4) an order directing the Department of Justice to review and make changes to its inmate cell search policies. ECF No. 1 at 1-2, 12.

A federal district court may issue injunctive relief only if the court has both personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros.,*

4

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend"). Because this court has no subject matter jurisdiction over the petition under § 2241, we cannot order injunctive relief.

### d.  Motion for Discovery

Petitioner seeks to subpoena various prison staff members and seeks discovery of certain video footage. ECF No. 1 at 13. A habeas petitioner, "unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Under Rule 6(a) of the Rules Governing Section 2254 Cases, a federal district court may authorize discovery in a habeas proceeding for good cause. *See id.* at 904-05. Good cause exists if "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed," demonstrate entitlement to habeas relief. *Smith v. Mahoney*, 611 F.3d 978, 996-97 (9th Cir. 2010). Because petitioner has failed to state any cognizable claims for habeas relief under § 2241, we deny his motion for discovery.

## II.  Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing § 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the

denial of a constitutional right.  Thus, we recommend that the court not issue a certificate of appealability.

### III.    Findings and Recommendations

We recommend that the court dismiss the petition, deny petitioner's motions for injunctive relief, and decline to issue a certificate of appealability.  Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, we submit the findings and recommendations to the U.S. District Court judge presiding over the case.  Within thirty days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

### IV.    Order

1. Petitioner's motion for discovery, ECF No. 1 at 12, is denied.
2. The clerk's office is directed to send petitioner a prisoner civil rights complaint form.
3. The clerk of court is directed to assign this case to a district judge for the purpose of reviewing these findings and recommendations.

IT IS SO ORDERED.

Dated:    July 14, 2020                                   _____
                                                          UNITED STATES MAGISTRATE JUDGE


No. 206.